# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

MARION STANLEY HAYES,

    Plaintiff,

v.

COMMISSIONER HOMER BRYSON;
MEDICAL DIRECTOR SHARON LEWIS;
FACILITY DIRECTOR RICK JACOBS;
FIELD OPERATIONS MANAGER ROBERT
TOOLE; INMATE AFFAIR DIRECTOR
LISA FOUNTAIN; WARDEN STANLEY
WILLIAMS; DR. DEAN BROOME;
HEALTH SERVICES ADMINISTRATOR
MR. SABINE; PHYSICIAN'S ASSISTANT
MS. FARA; PHYSICIAN'S ASSISTANT
STEPHEN NICOLOV; GEORGIA
DEPARTMENT OF CORRECTIONS; and
GEORGIA STATE PRISON,

    Defendants.

CIVIL ACTION NO. 6:16-cv-20

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Georgia State Prison in Reidsville, Georgia, has submitted a Complaint brought pursuant to 42 U.S.C. § 1983. (Doc. 1.) For the reasons set forth below, after conducting the requisite frivolity review, I **RECOMMEND** that the Court **DISMISS** Plaintiff's claims for monetary damages against all Defendants in their official capacities, as well as Plaintiff's claims against Defendants Georgia Department of Corrections and Georgia State Prison. I also **RECOMMEND** that the Court **DISMISS** all of Plaintiff's claims against Defendants Bryson, Lewis, Jacobs, Fountain, Nicolov, and Fara.[1]  However,

---

[1] In his Complaint, Plaintiff states that Defendants Nicolov and Fara agreed "that [he] needed hip replacement surgery" but "could not do anything about it" because their supervisor, Defendant Broome,

Plaintiff's Eighth Amendment claims for injunctive relief against Defendants Toole, Williams, Broome, and Sabine in their official capacities and his claims for monetary damages in their individual capacities survive frivolity review. Accordingly, the undersigned **ORDERS** a copy of this Order and Plaintiff's Complaint be served upon Defendants Toole, Williams, Broome, and Sabine. The Court provides additional instructions to Plaintiff and Defendants pertaining to the future litigation of this action, which the parties are urged to read and follow.

## BACKGROUND[2]

Plaintiff filed this action against Defendants Commissioner Homer Bryson, Medical Director Sharon Lewis, Facility Director Rick Jacobs, Field Operations Manager Robert Toole, Inmate Affairs Director Lisa Fountain, Warden Stanley Williams, Dr. Dean Broome, Health Services Administrator Mr. Sabine, Physicians Assistants Stephen Nicolov and Ms. Fara, the Georgia Department of Corrections, and Georgia State Prison on February 22, 2016. (Doc. 1.) In his Complaint, Plaintiff alleges that Defendants denied him access to necessary medical care. Plaintiff states that he directly notified Defendants Toole, Williams, Broome, and Sabine that he suffers from rheumatoid arthritis and hip deterioration and had been prescribed hip replacement surgery prior to his incarceration. (Id. at p. 9.) Plaintiff states that he was also prescribed hip replacement surgery three times at Augusta State Medical Prison. (Id. at p. 10.) Despite their knowledge of his condition and need for treatment, Defendants refused to provide Plaintiff with

---

refused to approve the surgery. (Doc. 1, p. 10.) Accordingly, Plaintiff has failed to allege that Defendants Nicolov and Fara violated his rights under Section 1983.

[2] The facts set forth below are taken from Plaintiff's Complaint and are accepted as true, as they must be at this stage.

2

hip replacement surgery due to the cost of the surgery.³ (Id.) Plaintiff states that this indifference to his medical needs has caused his condition to worsen and that he now has difficulty walking. (Id.)

In his Complaint, Plaintiff requests compensatory and punitive damages, as well as nominal damages, court costs and expenses, injunctive relief, and declaratory relief against each Defendant. (Id. at p. 12.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . .

---

³ Specifically, Defendant Broome refused to perform the surgery "because . . . it was expensive." (Doc. 1, p. 10.) After Plaintiff filed grievances regarding Defendant Broome's refusal to perform the surgery, Defendants Toole, Williams, and Sabine also refused to approve the surgery, due to its expense.

a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse

mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). The requisite review of Plaintiff's Complaint raises several doctrines of law which require the dismissal of the Complaint.

**DISCUSSION**

**I.     Official Capacity Claims**

In order to state a claim for relief under Section 1983, Plaintiff must satisfy two elements. First, he must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, Plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id.

While local governments qualify as "persons" under Section 1983, state agencies and penal institutions are generally not considered legal entities subject to suit. See Grech v. Clayton Cty., 335 F.3d 1326, 1343 (11th Cir. 2003). "A state and its agencies (such as the Georgia Department of Corrections and Georgia State Prison) are not 'persons' who may be sued under § 1983." Darrough v. Allen, No. 1:13-CV-57 WLS, 2013 WL 5902792, at *3 (M.D. Ga. Oct. 8, 2013); see also Williams v. Ga. Dep't of Corr., No. CV612-050, 2012 WL 3911232, at *1 (S.D. Ga. Aug. 6, 2012), report and recommendation adopted, No. CV612-050, 2012 WL 3910834 (S.D. Ga. Sept. 6, 2012) ("Because the Georgia Department of Corrections is a state agency, it is not a 'person' subject to suit under § 1983."), and Williams v. Chatham Cty. Sheriff's Complex, Case No. 4:07-cv-68, 2007 WL 2345243 (S.D. Ga. Aug. 14, 2007) ("The county jail, however, has no independent legal identity and therefore is not an entity that is subject to suit under Section 1983.").

In addition, Plaintiff cannot sustain a Section 1983 claim for monetary damages against Defendants Bryson, Lewis, Jacobs, Toole, Fountain, Williams, Broome, Sabine, Nicolov and Fara in their official capacities. States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a lawsuit against a state agency or a state officer in his official capacity is "no different from a suit against the [s]tate itself," such defendants are immune from suit under Section 1983. Id. at 71. Here, the State of Georgia would be the real party in interest in a suit against the Georgia Department of Corrections or Georgia State Prison, as well as against Defendants Byson, Lewis, Jacobs, Toole, Fountain, Williams, Broome, Sabine, Nicolov and Fara in their official capacities as employees of the Department of Corrections. Accordingly, the Eleventh Amendment immunizes the Georgia Department of Corrections and Georgia State Prison from suit, as well as Defendants Bryson, Lewis, Jacobs, Toole, Fountain, Williams, Broome, Sabine, Nicolov and Fara in their official capacities. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims for monetary relief against these Defendants.

For all of these reasons, the Court should **DISMISS** all claims against the Georgia Department of Corrections and Georgia State Prison, as well as all claims for monetary damages against Defendants Bryson, Lewis, Jacobs, Toole, Fountain, Williams, Broome, Sabine, Nicolov and Fara in their official capacities.

## II. Access to Grievance Procedure Claims Against Defendants Bryson, Lewis, Jacobs, and Fountain

Plaintiff contends Defendants Bryson, Lewis, Jacobs, and Fountain did not properly address his grievances requesting medical care. (Doc. 1, pp. 10–11.) These are the only direct allegations he makes against these four Defendants. Plaintiff's contention that the denial of access to the grievance procedure violated his constitutional rights must fail.

Alleged transgressions involving grievance procedures do not give rise to stand-alone claims under Section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam); see also Baker v. Rexroad, 159 F. App'x 61 (11th Cir. 2005) (finding that inmates neither have a liberty interest in an investigation based upon their inmate grievance, nor a liberty interest in the inmate grievance system). Further, "[t]here is no right to a particular type of process in the handling of prison grievances. . . . [F]ederal courts simply do not sit as the ultimate appellate tribunal for prison grievance procedures." Rienholtz v. Campbell, 64 F. Supp. 2d 721, 731 (W.D. Tenn. 1999). Accordingly, Plaintiff's claims against Defendants Bryson, Lewis, Jacobs, and Fountain within the context of the grievance procedure do not state a cognizable claim under Section 1983 and should be **DISMISSED**.

## III. Deliberate Indifference to Serious Medical Need Claims

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of inmates. The standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. Farmer v. Brennan, 511 U.S. 825, 828 (1994). However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505

(11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

In order to prove a deliberate indifference claim, a prisoner must overcome three obstacles. The prisoner must: 1) "satisfy the objective component by showing that [he] had a serious medical need"; 2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and 3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee Cty., 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "'has been diagnosed by a physician as *mandating* treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Hill, 40 F.3d at 1187) (emphasis supplied). As for the subjective component, the Eleventh Circuit has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Under the subjective prong, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327.

Based on Plaintiff's allegations, he requested medical assistance directly from Defendants Broome, Toole, Williams, and Sabine on numerous occasions.[4] Further, he alleges

---

[4] Defendant Broome is apparently the Director of the Medical Department at Georgia State Prison. This supervisory position alone cannot create liability under Section 1983. In Section 1983 actions, liability must be based on something more than a theory of *respondeat superior*. Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. Here, Plaintiff alleges that Defendant Broom personally participated in the constitutional violation by having direct knowledge of Plaintiff's serious medical needs and refusing him treatment. Thus, at least at this stage, it appears that Plaintiff is relying upon more than Broome's

8

that he has been diagnosed with rheumatoid arthritis in his hip, has been prescribed hip replacement surgery on four separate occasions, has difficulty walking, and that, despite their knowledge of his diagnosis and need for treatment, each of these Defendants refused to approve his hip replacement surgery. These allegations constitute a plausible claim for deliberate indifference to serious medical needs. Accordingly, Plaintiff's claims against Defendants Broome, Toole, Williams, and Sabine should proceed.

## CONCLUSION

I **RECOMMEND** that the Court **DISMISS** Plaintiff's claims for monetary damages against all Defendants in their official capacities, his claims against Defendants Bryson, Lewis, Jacobs, and Fountain, and all claims against Defendants Nicolov and Fara, as well as all claims against the Georgia Department of Corrections and Georgia State Prison.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report to which

---

supervisory position. However, Plaintiff is forewarned that he cannot merely rely upon Broome's role to advance his claims against this Defendant.

objection are made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Plaintiff.

## REMAINING CLAIMS AND DEFENDANTS

Plaintiff's allegations, when read in a light most favorable to the Plaintiff, arguably state colorable claims for relief under 42 U.S.C. § 1983 against Defendants Broome, Toole, Williams, and Sabine for deliberate indifference to his serious medical needs. A copy of this Order and Plaintiff's Complaint, (doc. 1), shall be served upon these Defendants by the United States Marshal without prepayment of cost. The Court provides the following instructions to the parties that will apply to the remainder of this action and which the Court urges the parties to read and follow.

## INSTRUCTIONS TO DEFENDANTS

Because Plaintiff is proceeding *in forma pauperis,* the undersigned directs that service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to the Defendant by first-class mail and request that the Defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local Rule 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R.

Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendants are hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. Fed. R. Civ. P. 30(a). Defendants are further advised that the Court's standard 140 day discovery period will commence upon the filing of the last answer. Local Rule 26.1. Defendants shall ensure that all discovery, including the Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event that Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As the Plaintiff will likely not be in attendance for such a deposition, Defendants shall notify Plaintiff of the deposition and advise him that he may serve on Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. Defendants shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

## INSTRUCTIONS TO PLAINTIFF

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or their counsel. Fed. R. Civ. P. 5. "Every

pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally, Fed. R. Civ. P. 26, *et seq*. The discovery period in this case will expire 140 days after the filing of the last answer. Local Rule 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Local Rule 26.1. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local Rule 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as Defendants. Interrogatories are not to contain more than twenty-five (25) questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorneys for Defendants and try to work out the problem; if Plaintiff

proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c); 37(a)(2)(A); Local Rule 26.7.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents (\$.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents (\$.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local Rule 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendants. Upon no less than five (5) days' notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is

13

incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

### ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendants' motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendants file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendants' motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the Defendants' statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual

assertions made in Defendants' affidavits will be accepted as true and summary judgment may be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 8th day of June, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA