IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MARION STANLEY HAYES,

    Plaintiff,

v.

COMMISSIONER HOMER BRYSON, et al.,

    Defendants.

CIVIL ACTION NO.: 6:16-cv-20

## ORDER

Presently before the Court are Plaintiff's Objections, (doc. 13), to the Magistrate Judge's Report and Recommendation dated June 8, 2016, (doc. 9). After an independent and *de novo* review of the entire record, the Court **OVERRULES** Plaintiff's Objections, **CONCURS** with the Magistrate Judge's Report and Recommendation, and **ADOPTS** the Report and Recommendation, as supplemented herein, as the opinion of the Court.

### BACKGROUND

Plaintiff filed this cause of action pursuant to 42 U.S.C. § 1983 to contest certain conditions of his confinement while housed at Georgia State Prison in Reidsville, Georgia. (Doc. 1.) In his Complaint, Plaintiff alleged that Defendants denied him access to necessary medical care. Plaintiff stated he directly notified Defendants Toole, Williams, Broome, and Sabine that he suffers from rheumatoid arthritis and hip deterioration and had been prescribed hip replacement surgery prior to his incarceration. (Id. at p. 9.) Plaintiff contended that, despite their knowledge of his condition and need for treatment, Defendants refused to provide Plaintiff with hip replacement surgery due to the cost of the surgery. (Id. at p. 10.) Plaintiff stated that

this indifference to his medical needs has caused his condition to worsen and that he now has difficulty walking. (Id.)

In the Report and Recommendation, the Magistrate Judge recommended that the Court dismiss all of Plaintiff's claims against the Georgia Department of Corrections and Georgia State Prison, all of Plaintiff's claims for monetary damages against all Defendants in their official capacities, and all of Plaintiff's claims against Defendants Bryson, Lewis, Jacobs, Fountain, Nicolov, and Fara. However, the Magistrate Judge determined that Plaintiff's Eighth Amendment deliberate indifference claims against Defendants Broome, Toole, Williams, and Sabine shall proceed. (Id. at p. 9.) Plaintiff filed Objections to the Report and Recommendation, as well as a Motion to Amend his Complaint, on July 25, 2016, (docs. 13, 14). The Magistrate Judge denied Plaintiff's Motion to Amend on September 20, 2016. (Doc. 23.)

## DISCUSSION

In his Objections, Plaintiff first contends that the Court should reject the Magistrate Judge's Report and Recommendation because the Magistrate Judge recommended dismissal of claims that Plaintiff did not allege in his Complaint. (Doc. 13, pp. 1–2.) Specifically, Plaintiff avers that he did not allege claims for damages against Defendants in their official capacities. Plaintiff avers that he instead sued Defendants in their official capacities for declaratory, injunctive, prospective, and equitable relief. (Id. at p. 1.) Similarly, Plaintiff argues that the Magistrate Judge improperly recommended dismissal of claims against Georgia State Prison because "Plaintiff has not sued [Georgia State Prison] at all and it is not a named defendant." (Id.)

As the Magistrate Judge noted in the Report and Recommendation, the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and,

2

therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). Because Plaintiff is proceeding *pro se* in this case, the Magistrate Judge thoroughly reviewed and liberally construed the Complaint to assess all claims that Plaintiff plausibly alleged. It is by no means clear from Plaintiff's Complaint that he did not intend to assert claims for monetary relief against the individual Defendants in their official capacities or that Plaintiff did not intend to sue Georgia State Prison. Thus, the Magistrate Judge was correct to analyze those potential claims, and the Court **OVERRULES** this Objection.

Next, Plaintiff objects to the Magistrate Judge's recommendation that the Court dismiss his claims against the Georgia Department of Corrections. Plaintiff argues that, because he has sued the Georgia Department of Corrections for injunctive relief only, the Eleventh Amendment does not bar his claims against that entity. (Doc. 13, p. 2.) However, as the Magistrate Judge explained in the Report and Recommendation, "[a] state and its agencies (such as the Georgia Department of Corrections and Georgia State Prison) are not 'persons' who may be sued under § 1983." Darrough v. Allen, No. 1:13-CV-57 WLS, 2013 WL 5902792, at *3 (M.D. Ga. Oct. 8, 2013). Furthermore, because the Georgia Department of Corrections is an agency of the State of Georgia, "[t]he Eleventh Amendment bar applies irrespective of whether a plaintiff seeks monetary or injunctive relief." Duva v. Bd. of Regents of the Univ. Sys. of Georgia, No. 15-14752, 2016 WL 3454155, at *1 (11th Cir. June 24, 2016) (citing Cory v. White, 457 U.S. 85 (1982)). Accordingly, the Court **OVERRULES** Plaintiff's Objection.

Plaintiff also objects to the Magistrate Judge's recommendation that the Court dismiss Plaintiff's claims against Defendants Bryson, Jacobs, Lewis, and Fountain. First, Plaintiff

3

attempts to convert his access to grievance procedure claims against these Defendants to access to courts claims by referring to his contemporaneously filed motion to amend. However, Plaintiff may not assert new claims via his Objections to the Magistrate Judge's Report and Recommendation. The Court finds it inappropriate to consider arguments presented for the first time in Plaintiff's objections, and, therefore, declines to do so. Williams v. McNeil, 557 F.3d 1287, 1291 (11th Cir. 2009) (approving district court's refusal to consider new argument set forth in objections where party had opportunity to present such argument to magistrate judge and failed to do so); see also United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000) (holding that district courts are not required to consider supplemental factual allegations presented for the first time in objections to a magistrate judge's report and recommendation). Moreover, the Magistrate Judge correctly denied Plaintiff's Motion to Amend his Complaint, which included access to courts claims, on September 20, 2016. (Doc. 23.) Therefore, the Court **OVERRULES** this Objection.

Plaintiff further objects that Defendants Bryson, Jacobs, Lewis, and Fountain have a "custom of deliberate indifference through which Defendants Toole, Williams, Broome, and Sabine were, and still are, able to violate Plaintiff's rights." (Id. at pp. 4–5.) He also contends that Defendants Bryson, Jacobs, Lewis, and Fountain should remain Defendants in this case, as they are responsible for "approv[ing] the funding [and] schedul[ing] any surgeries" Plaintiff may require in the future. (Id.) These Objections are merely conclusory reiterations of his supervisory liability and deliberate indifference claims against Defendants Bryson, Jacobs, Lewis, and Fountain. The Magistrate Judge properly determined that these conclusory allegations fail to state a claim against these Defendants. Accordingly, the Court also **OVERRULES** those Objections.

4

## CONCLUSION

For the reasons discussed above, the Court **OVERRULES** Plaintiff's Objections, (doc. 13), and **ADOPTS** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the opinion of the Court. The Court **DISMISSES** Plaintiff's claims for monetary damages against all Defendants in their official capacities, all of Plaintiff's claims against Defendants Georgia Department of Corrections and Georgia State Prison, and all of Plaintiff's claims against Defendants Bryson, Lewis, Jacobs, Fountain, Nicolov, and Fara.

However, Plaintiff's Eighth Amendment claims for injunctive relief against Defendants Toole, Williams, Broome, and Sabine in their official capacities, as well as his claims for monetary damages against these Defendants in their individual capacities, shall proceed.

**SO ORDERED**, this 9th day of January, 2017.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA