# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| MARION STANLEY HAYES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MEDICAL DIRECTOR SHARON LEWIS; FACILITY DIRECTOR RICK JACOBS; FIELD OPERATIONS MANAGER ROBERT TOOLE; INMATE AFFAIR DIRECTOR LISA FOUNTAIN; WARDEN STANLEY WILLIAMS; DR. DEAN BROOME; HEALTH SERVICES ADMINISTRATOR MR. SABINE; PHYSICIAN'S ASSISTANT MS. FARA; PHYSICIAN'S ASSISTANT STEPHEN NICOLOV; GEORGIA DEPARTMENT OF CORRECTIONS; and GEORGIA STATE PRISON,<br><br>　　　　Defendants. | CIVIL ACTION NO.: 6:16-cv-20 |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Georgia State Prison in Reidsville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. (Doc. 1.) Defendants filed a Motion to Dismiss, (doc. 19), and Plaintiff filed Responses to Defendants' Motion to Dismiss, (docs. 24, 26). For the reasons which follow, I **RECOMMEND** the Court **DENY** Defendants' Motion.

**BACKGROUND**

Plaintiff developed rheumatoid arthritis in his hip before his arrest and incarceration and, as a result, a physician recommended hip replacement surgery. (Doc. 1, p. 9.) Subsequent to Plaintiff's incarceration, medical professionals at Augusta State Medical Prison also prescribed Plaintiff hip replacement surgery on three occasions. (Id. at p. 10.) However, Defendant Dr. Broome denied Plaintiff's surgery requests. (Id.) Although Plaintiff filed grievances requesting surgery, Defendant Health Services Administrator ("HSA") Sabine and Defendant Wardens Toole and Williams denied those grievances. (Id. at pp. 10–11.)

Plaintiff then filed this action, alleging that Defendants denied him access to necessary medical care, in violation of his rights under the Eighth Amendment to the United States Constitution. Plaintiff states that, although he directly notified Defendants Toole, Williams, Broome, and Sabine that he suffers from rheumatoid arthritis and hip deterioration and had been prescribed hip replacement surgery prior to his incarceration, Defendants refused to approve Plaintiff's surgery due to the cost of the procedure. (Id. at p. 10.) Again, Plaintiff alleges that Defendants based their denials not upon medical judgment, but upon non-medical considerations. (Id.) Plaintiff states that this indifference to his medical needs caused his condition to worsen and that he now has difficulty walking. (Id.) Plaintiff seeks declaratory and injunctive relief, as well as compensatory damages and punitive damages, to remedy the alleged violations of his constitutional rights. (Id. at p. 12.)

I conducted a frivolity review of Plaintiff's Complaint. (Doc. 9.) Therein, I recommended that the Court dismiss Plaintiff's claims for monetary damages against all Defendants in their official capacities, as well as Plaintiff's claims against Defendants Georgia Department of Corrections and Georgia State Prison. (Id.) I also recommended that the Court

2

dismiss all of Plaintiff's claims against Defendants Bryson, Lewis, Jacobs, Fountain, Nicolov, and Fara. However, I found that Plaintiff stated a plausible claim for deliberate indifference to his serious medical needs against Defendants Broome, Toole, Williams, and Sabine. (Id. at pp. 7–9.) On January 9, 2017, District Judge J. Randall Hall adopted that Report and Recommendation as the opinion of the Court. (Doc. 29.)

## STANDARD OF REVIEW

Under a Rule 12(b)(6) motion to dismiss, a court must "accept[ ] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009). "A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. at 678.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id.

## DISCUSSION

**I.     Deliberate Indifference to Serious Medical Needs**

    **A.     Standard of Review**

In this action, Plaintiff contends Defendants violated his Eighth Amendment right to adequate medical treatment. The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon a prison official to take reasonable measures to guarantee the safety of inmates. The standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. Farmer v. Brennan, 511 U.S. 825, 828 (1994). However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

In order to prove a deliberate indifference claim, a prisoner must overcome three obstacles. The prisoner must: 1) "satisfy the objective component by showing that [he] had a serious medical need"; 2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and 3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee Cty., 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "'has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Hill, 40 F.3d at 1187). As for the subjective component, the Eleventh Circuit Court of Appeals has consistently required that "a defendant

know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Under the subjective prong, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327. "The meaning of 'more than gross negligence' is not self-evident[.]" Id. Only when deliberate indifference to an inmate's serious medical needs is demonstrated to be "repugnant to the conscience of mankind" or offensive to "evolving standards of decency" will it give rise to a valid claim of mistreatment under the Eighth Amendment. Id.

With these standards in mind, the Court now addresses Defendants' arguments that Plaintiff fails to assert a viable claim against them.

**B.     Assessment of the Viability of Plaintiff's Claims Against Defendants**

Defendants Toole, Williams, and Sabine first construe Plaintiff's claims against them as denial-of-grievance claims and argue that those claims are not cognizable under Section 1983. (Doc. 19, pp. 3–4.) Defendants Broome and Sabine then argue that Plaintiff's deliberate indifference claims against them fail because those claims are based upon Defendants Broome's and Sabine's difference of medical opinion from other physicians who recommended that Plaintiff receive hip surgery. (Id. at pp. 4–5.) Defendants Toole and Williams argue that they were entitled to rely on the medical opinions of Defendants Broome and Sabine when denying Plaintiff's grievances, and therefore, cannot be held responsible for any violation of Plaintiff's Eighth Amendment rights. (Id. at pp. 6–7.) Finally, each Defendant asserts that he is entitled to qualified immunity. (Id. at p. 5.)

In response, Plaintiff states that his claims do not involve the mere denial of a grievance[1] or concern "simply a . . . difference in medical opinion." (Doc. 26, p. 1.) Specifically, Plaintiff disputes Defendants Broome and Sabine's contention that they denied his request for surgery based upon their medical opinions. Likewise, Plaintiff disputes Defendants Toole and Williams' contention that they relied upon any medical opinions of Defendants Broome and Sabine in denying his request for surgery. Instead, Plaintiff asserts that Defendants collectively denied his request based upon their opinions that "joint replacements are expensive." (Id. at p. 2.) Plaintiff contends he has been denied hip replacement surgery for seven (7) years due to the expense of the surgery and that, as a result, he "suffer[s] . . . agonizing[,] throbbing hip pain in his hip joint on a daily and nightly basis," and that he has difficulty "performing manual tasks [such as] walking, standing, sitting, and [lying] down." (Doc. 24, pp. 3–4.)

Here, according to Plaintiff, at least four physicians recommended that Plaintiff receive hip replacement surgery. Further, Plaintiff alleges that he has difficulty walking and suffers constant pain as a result of his denial of hip replacement surgery. Thus, Plaintiff has shown that he has a serious medical need and has, therefore, satisfied the objective component of his deliberate indifference claim. Furthermore, reading Plaintiff's Complaint liberally, he alleges that he communicated his need for surgery directly to Defendants Toole, Williams, Sabine, and Broome. Therefore, Plaintiff has plausibly alleged that Defendants had subjective knowledge of his serious medical need.

---

[1] As discussed in the Report and Recommendation dated June 8, 2016, (doc. 9, p. 7), "alleged transgressions involving grievance procedures do not give rise to stand-alone claims under Section 1983." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). Although Defendants Sabine, Toole, and Williams argue that Plaintiff has alleged only non-cognizable denial-of-grievance claims against them, a review of Plaintiff's Complaint reveals that Plaintiff cites Defendants Sabine's, Toole's, and Williams' denial of his grievances to demonstrate those Defendants' knowledge of his serious medical needs and resulting disregard of those needs. Accordingly, the Court construes Plaintiff's allegations as deliberate indifference claims, as opposed to denial-of-grievance claims.

6

Plaintiff further alleges that, following the communication of his serious medical need to Defendants, they then denied him medical care due to the cost of the surgery. Specifically, Plaintiff avers that Defendants Sabine and Toole stated that "any kind of joint replacements are expensive and must go through an extensive process before they are approved." (Doc. 1, p. 10.) Plaintiff further avers that "[Defendant] Broome denied Plaintiff [the] surgery because he said it was expensive," and that "Defendants Broome and Williams denied [his] grievance by lying and falsely stating that Plaintiff 'refused to be seen at sick call.'" (Id. at p. 11.) Thus, accepting Plaintiff's version of events, as the Court must at this stage, Plaintiff has alleged more than a mere difference in medical opinions. Rather, Plaintiff has alleged that Defendants denied him medical care due to non-medical reasons. See Fields v. Corizon Health, 490 F. App'x 174, 178 (11th Cir. 2012) ("[C]ost is not a factor which can justify the lack of timely medical treatment for [a serious medical need]."); Wimberly v. Broome, No. 6:15-cv-23, 2016 WL 3365684, at *3 (S.D. Ga. June 16, 2016) (Defendant "Broome's [ ] alleged cost-based refusal to follow the [Augusta State Medical Prison] orthopedist's prescription for Plaintiff to have an urgent operation constitutes deliberate indifference."). Accordingly, Plaintiff has plausibly alleged that Defendants knew of and disregarded his serious medical need by conduct that surpasses gross negligence.

Construing Plaintiff's claims liberally, Plaintiff has alleged that Defendants Toole, Williams, Sabine, and Broome each personally participated in the violation of his constitutional rights by actively participating in the decisions to deny his access to hip replacement surgery based solely upon the cost of the surgery[2]. Accordingly, at this stage, Plaintiff has plausibly

---

[2] Supervisors cannot be held liable due to their supervisory positions or upon a theory of *respondeat superior*. Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the

alleged that Defendants deliberately ignored his serious medical need in contravention of the Eighth Amendment to the United States Constitution.

## II.     Qualified Immunity

Defendants invoke the doctrine of qualified immunity in their Motion to Dismiss. (Doc. 19-1, p. 7.)  Qualified immunity shields "government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); see also Lee v. Ferraro, 284 F.3d 1188, 1193–94 (11th Cir. 2002).  "The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation[.]"  Id. at 1194.  "Qualified immunity should be applied at the earliest possible stage of litigation, and it is therefore appropriate to decide its applicability on a motion to dismiss.  Often however, this is not possible, and for this reason it is more typically addressed at summary judgment."  Horn v. Jones, No. 14-20341-CIV, 2015 WL 3607012, at *6 (S.D. Fla. May 8, 2015); see also Marshall v. Fla. Dep't of Corr., No. 10–20101–cv, 2011 WL 1303213, at *4 (S.D. Fla. March 31, 2011) ("[W]here it is not evident from the allegations of the complaint alone that a defendant is entitled to qualified immunity, the case will proceed to the summary judgment stage, *the most typical*

---

supervisor's conduct and the alleged violations.  Id. at 802.  "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct."  Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).  Here, Plaintiff has plausibly alleged that Defendants Toole, Williams, Sabine, and Broome were each personally involved in the denial of his request for surgery due to the expense of the procedure. Accordingly, at this stage, Plaintiff's allegations are not based solely upon a theory of *respondeat superior*.

*juncture at which defendants entitled to qualified immunity are released from the threat of liability and the burden of further litigation*.") (emphasis in original) (citation omitted).

To receive qualified immunity, Defendants must first establish that they were acting within their discretionary authority during the events in question. Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003). "A government official acts within his or her discretionary authority if objective circumstances compel the conclusion that challenged actions occurred in the performance of the official's duties and within the scope of this authority." Hill, 40 F.3d at 1185 n.17. Once the government official has shown that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that the defendant is not entitled to qualified immunity. Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003) (citing Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002)).

Here, Defendants acted within their respective discretionary duties when making decisions regarding Plaintiff's medical treatment. Thus, the burden shifts to Plaintiff to show that Defendants are not entitled to qualified immunity. Cottone, 326 F.3d at 1358. To make this showing, Plaintiff must first establish the violation of a constitutional right on the facts alleged. Saucier v. Katz, 533 U.S. 194, 200 (2001); Gilmore v. Hodges, 738 F.3d 266, 272 (11th Cir. 2013). As explained above, Plaintiff has alleged conduct by Defendants that, if proven true, plausibly establishes deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment. Consequently, his Complaint satisfies the first qualified immunity prong.

Having alleged a constitutional violation, Plaintiff must demonstrate that the constitutional right was clearly established at the time of the alleged misconduct. Saucier, 533

U.S. at 200.[3] "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 202; Wilson v. Layne, 526 U.S. 603, 615 (1999). "The 'very action in question' does not have to have been previously held unlawful, but the unlawfulness of the conduct must be apparent in light of pre-existing law." Harris v. Coweta Cty., 21 F.3d 388, 393 (11th Cir. 1994) (citing Anderson v. Creighton, 483 U.S. 635, 640 (1987)).

Defendants aver that "Plaintiff has failed to allege a violation of any right" and "[e]ven if he has . . . that violation was not clearly established at the time it purportedly occurred." (Doc. 19-1, p. 8.) However, Eleventh Circuit precedent has long made clear that "prison officials who substantially delay or deny inmates necessary medical care for nonmedical reasons such as cost savings can violate the inmate's Eighth Amendment rights." Horn, 2015 WL 3607012, at *7 (citing Farrow v. West, 320 F.3d 1235, 1246–47 (11th Cir. 2003) (fifteen month delay in providing prisoner needed dentures, which caused him pain, bleeding and swollen gums and weight loss, raised jury question whether doctor was deliberately indifferent towards prisoner's serious medical need)); Fields, 490 F. App'x at 178 (citing Ancata v. Prison Health Servs., 769 F.2d 700, 705 (11th Cir. 1985) ("Lack of funds for facilities cannot justify an unconstitutional lack of competent medical care or treatment of inmates.")); Harris v. Coweta Cty., 21 F.3d 388, 394 (11th Cir. 1994) ("Under the clearly established legal norms, a reasonable sheriff would have known that delaying prescribed treatment for a serious medical need for several weeks for a nonmedical reason may violate an inmate's constitutional rights.").

---

[3] The Supreme Court has clarified, however, that courts need not analyze these qualified immunity steps sequentially. See Pearson v. Callahan, 555 U.S. 223, 236 (2009).

Plaintiff plausibly alleges that Defendants violated his rights which have been clearly established for at least forty years. Estelle v. Gamble, 429 U.S. 97 (1976). Consequently, the Court should **DENY** Defendants' Motion to Dismiss based on qualified immunity.

The Court is not concluding today that Defendants did in fact exhibit deliberate indifference to Plaintiff's serious medical need. On the record before the Court, we cannot know. However, if the Court accepts Plaintiff's factual allegations as true, as it must, then the actions that Defendants allegedly took were, "in the light of the preexisting law—beyond what the Constitution would allow under the circumstances." Pourmoghani–Esfahani v. Gee, 625 F.3d 1313, 1317 (11th Cir. 2010).

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** that the Court **DENY** Defendants' Motion to Dismiss. Additionally, upon denial of Defendants' Motion, the Court should lift the stay of discovery in this case.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed

findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 10th day of January, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA