IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MARION STANLEY HAYES,

    Plaintiff,

v.

ROBERT TOOLE, et al.,

    Defendants.

CIVIL ACTION NO.: 6:16-cv-20

## ORDER

Presently before the Court are Defendants' Objections to the Magistrate Judge's January 10, 2017, Report and Recommendation. (Doc. 31.) After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, (doc. 30). Accordingly, the Court **OVERRULES** the Defendants' Objections, **ADOPTS** the Report and Recommendation, as supplemented herein, as the opinion of the Court, and **DENIES** Defendants' Motion to Dismiss, (doc. 19.)

## BACKGROUND

Plaintiff filed this case pursuant to 42 U.S.C. § 1983 and contended Defendants denied him access to necessary medical care, in violation of his rights under the Eighth Amendment to the United States Constitution. (Doc. 1.) The Magistrate Judge conducted the requisite frivolity review on June 8, 2016, (doc. 9), and found that Plaintiff's Eighth Amendment claims for injunctive relief against Defendants Toole, Williams, Broome, and Sabine in their official capacities and his claims for monetary damages against these Defendants' in their individual capacities should proceed. (Doc. 8.) However, the Magistrate Judge recommended that the Court dismiss Plaintiff's claims for monetary damages against Defendants in their official

capacities and Plaintiff's claims against Defendants Georgia Department of Corrections, Georgia State Prison, Bryson, Lewis, Jacobs, Fountain, Nicolov, and Fara. (Doc. 9.) The Court adopted the Magistrate Judge's Report and Recommendation. (Doc. 29.)

Defendants Toole, Williams, Broome, and Sabine filed a Motion to Dismiss on August 11, 2016, (doc. 19), and on January 10, 2017, the Magistrate Judge recommended the Court deny that Motion. Defendants filed Objections to the January 10, 2017, Report and Recommendation on January 24, 2016. (Doc. 31.)

## DISCUSSION

Defendants Toole, Williams, and Sabine object to the Magistrate Judge's recommendation that the Court deny their Motion to Dismiss Plaintiff's Eighth Amendment deliberate indifference claims against them. (Doc. 31, p. 2.) Specifically, Defendants Toole, Williams, and Sabine contend that "[r]ead fairly, the only averments in the complaint concerning these Defendants are that they denied one or more grievances concerning Plaintiff's hip." (Id.) Defendants argue that they cannot be held liable under Section 1983 for the mere denial of a grievance and that Plaintiff's Eighth Amendment claims against them should, therefore, be dismissed.

"An allegation that prison officials denied grievances does not 'support a finding of constitutional violations on the part of' those defendants." Gresham v. Lewis, No. 6:15-CV-86, 2016 WL 164317, at *3 (S.D. Ga. Jan. 13, 2016) (citing Bennett v. Sec'y, Fla. Dep't of Corr., No. 4:12CV32-MP/CAS, 2012 WL 4760856, at *1 (N.D. Fla. Aug. 27, 2012), *report and recommendation adopted*, No. 4:12-CV-00032-MP-CAS, 2012 WL 4760797 (N.D. Fla. Oct. 2, 2012) (quoting Raske v. Dugger, 819 F. Supp. 1046, 1054 (M.D. Fla. 1993)); see also Ludy v. Nelson, No. 5:14-CV-73-MTT-CHW, 2014 WL 2003017, at *3 (M.D. Ga. Apr. 18, 2014),

*report and recommendation adopted*, No. 5:14-CV-73 MTT, 2014 WL 2003096 (M.D. Ga. May 15, 2014) ("the mere fact that a prison official denies a grievance is insufficient to impose liability under § 1983.") (citing Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009), and Baker v. Rexroad, 159 F. App'x 61, 62 (11th Cir. 2005)).

Nevertheless, as the Magistrate Judge explained in the Report and Recommendation, in this particular case, Defendants Toole, Williams, and Sabine's denials of Plaintiff's grievances cannot be severed from Plaintiff's deliberate indifference claims. Defendants assert that "this is no different than saying the denial of the grievance makes the prison official liable for the violation claimed in the grievance[.]" (Doc. 31, p. 2). However, Defendants' argument ignores certain facts embedded within Plaintiff's claims. Plaintiff is not merely attempting to hold Defendants liable for deliberate indifference that predated his grievances. Rather, Plaintiff contends Defendants exhibited deliberate indifference during and after the grievance process by refusing him necessary medical attention requested in his grievances. Defendants are not insulated from liability simply because they received the request for medical attention via grievances. See Pino v. The State of Florida, Case No. 12-24169-CIV-UNGARO, 2013 WL 12064512, at *7 (S.D. Fla. Apr. 5, 2013) (explaining distinction between pure denial-of-grievance claims in which a supervisor reviews a grievance concerning the past conduct of a subordinate and a grievance in which a prison official reviews a plaintiff's request for medical care).

Further, Plaintiff contends that Defendants Tool and Sabine denied his grievances because the medical care he requests is expensive, (doc. 1, p. 10), and that Defendant Williams denied his grievance by "falsely stating that Plaintiff refused to be seen at sick call[.]" (Id. at p. 11.) These facts, which the Court must accept as true at this stage, demonstrate that

Defendants' reasoning for denying Plaintiff's grievances exhibited deliberate indifference to his serious medical needs. See id. (holding that, while "denial of a grievance, on its own, will be insufficient to state a claim in most circumstances", there is no "bright-line rule that the denial of a grievance can never support § 1983 liability" and concluding that defendants who denied plaintiff's grievances requesting medical care, despite their authority to approve plaintiff's medical requests and their knowledge of plaintiff's medical needs, may be held liable under the Eighth Amendment). Therefore, the Magistrate Judge correctly distinguished the allegations within Plaintiff's Complaint from general denial-of-grievance claims and correctly construed those claims as deliberate indifference claims.

## CONCLUSION

For the reasons stated in the Magistrate Judge's Report and Recommendation and set forth above, the Court **OVERRULES** Defendants' Objections, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **DENIES** Defendants' Motion to Dismiss, (doc. 19).

**SO ORDERED**, this ___ day of March, 2017.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA