IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MARION STANLEY HAYES,

    Plaintiff,

v.

ROBERT TOOLE; WARDEN STANLEY WILLIAMS; DR. DEAN BROOME; and MR. FNU SABINE,

    Defendants.

CIVIL ACTION NO.: 6:16-cv-20

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court upon Plaintiff's failure to comply with the Court's Order, (doc. 48), and his failure to prosecute this action. For the following reasons, I **RECOMMEND** that the Court **GRANT in part** Defendants' Motion to Dismiss or, in the Alternative, Motion to Compel, (doc. 47), and **DISMISS without prejudice** Plaintiff's claims for his failure to comply with his discovery obligations, failure to follow the Court's directives, and failure to prosecute. I further **RECOMMEND** that the Court **DIRECT** the Clerk of Court to enter an appropriate judgment of dismissal and to **CLOSE** this case and **DENY** Plaintiff leave to appeal *in forma pauperis*.

### BACKGROUND

On February 22, 2016, Plaintiff, proceeding *pro se*, filed a Complaint pursuant to 42 U.S.C. § 1983, contending Defendants denied him access to necessary medical care in violation of the Eighth Amendment. (Doc. 1.) With his Complaint, Plaintiff filed a Motion to Proceed *in Forma Pauperis*, which the Court granted on March 3, 2016. (Docs. 2, 3.)

After the requisite frivolity review of Plaintiff's Complaint, I concluded that Plaintiff set forth viable Eighth Amendment deliberate indifference to serious medical needs claims for injunctive and monetary relief against Defendants regarding their denial of hip surgery. (Doc. 9.) I ordered service of Plaintiff's Complaint and also provided instructions to Plaintiff regarding the prosecution of this action. (Id. at pp. 11–15.) The Court instructed Plaintiff that if he "does not press his case forward, the Court may dismiss it for want of prosecution." (Id. at p. 13 (citing Fed. R. Civ. P. 41; Local R. 41.1).) The Court specifically informed Plaintiff of his obligation to respond to a motion to dismiss within fourteen (14) days of service of such a motion. (Id. at p. 14.) The Court further explained that, should Plaintiff fail to respond to such a motion, the Court will assume that he does not oppose the Motion. (Id.) Additionally, the Court advised Plaintiff that failure to respond could result in his case being dismissed for lack of prosecution. (Id.) Finally, the Court warned Plaintiff that failure to fully cooperate in discovery "may subject Plaintiff to severe sanctions, including dismissal of this case." (Id. at p. 13 (emphasis in original).)

Defendants filed their first Motion to Dismiss on August 11, 2016, to which Plaintiff filed a Response in opposition. (Docs. 19, 24.) Defendants filed a Reply to which Plaintiff filed a Surreply. (Docs. 25, 26.) The Court issued a stay of discovery and other proceedings for the pendency of Defendants' Motion to Dismiss. (Doc. 21.) On January 10, 2017, the Court denied Defendants' Motion to Dismiss and lifted the discovery stay. (Docs. 30, 36.) Thereafter, Defendants filed their Answer and the Court issued a Scheduling Order. (Docs. 37, 38.)

During discovery, Plaintiff was released from Georgia State Prison in Reidsville, Georgia, and relocated to Tallahassee, Florida. (Doc. 34.) In light of this move and the difficulty of deposing Plaintiff out of state, the Court twice granted discovery extensions at Defendants' request. (Docs. 44, 46.) Defendants attempted to depose Plaintiff on July 17, 2017,

but were unable to do so because of Plaintiff's relocation to Florida. (Doc. 43.) Through their telephone communications with Plaintiff regarding the deposition, Defendants learned Plaintiff's subject hip condition was being cared for by a primary care physician in Florida and he would be unable to travel to Georgia. (Docs. 43, 45.) Defendants continued to try and schedule a deposition and also tried to obtain information about Plaintiff's primary care physician, but Plaintiff was no longer reachable by phone so Defendants served written discovery on Plaintiff concerning his hip doctor. (Doc. 45.) Plaintiff, however, failed to respond. (Doc. 47.)

On December 5, 2017, Defendants filed the present Motion to Dismiss or, in the Alternative, Motion to Compel Plaintiff to respond to the unanswered interrogatory. (Id.) Defendants served their unanswered interrogatory on September 29, 2017, with only a single question requesting the name and address of any health care provider who has treated Plaintiff's hip condition since his release from incarceration. (Doc. 47-2.) Defendants argue dismissal is proper in this case because Plaintiff has failed to provide basic discovery and frustrated their good faith efforts to litigate and defend their case. (Doc. 47-1, p. 3.)

On January 8, 2018, the Court ordered Plaintiff to "file any response in opposition to Defendants' Motion for a dismissal or to inform the Court of his decision not to oppose" within fourteen (14) days. (Doc. 48.) The Court again alerted Plaintiff that, should he fail to respond to the Motion to Dismiss, the Court would presume he does not oppose the Motion. (Id.) In addition, the Court provided Plaintiff with a copy of Federal Rules of Civil Procedure 41 and 12 to ensure that he had full notice of the requirements of the Rules regarding motions to dismiss. (Id.) On January 24, 2018, Plaintiff moved for an extension of time to respond, which the Court granted, and also updated his Tallahassee address,[1] (docs. 49, 50, 52). Plaintiff's response was

---

[1] Plaintiff inconspicuously lodged his full address update at the bottom of his Motion for Extension of Time to Respond. (Doc. 49, p. 2.) As a result, the Clerk of Court inadvertently mailed the Court's Order

due by March 3, 2018. Despite the extension of time and the Court's Order to respond, Plaintiff has not responded to Defendants' Motion to Dismiss.

## DISCUSSION

The Court must now determine how to address Plaintiff's failure to comply with this Court's Order and his discovery obligations, his failure to respond to Defendants' Motion to Dismiss, and his failure to prosecute. In light of Plaintiff's trifecta of error and for the reasons set forth below, I **RECOMMEND** that the Court **GRANT in part** Defendants' Motion to Dismiss, **DISMISS without prejudice** Plaintiff's Complaint, and **DENY** him leave to appeal *in forma pauperis*.

### I. Dismissal for Failure to Respond to Defendants' Interrogatory

Federal Rule of Civil Procedure 37(d) authorizes district courts to sanction a party who, after being properly served with interrogatories, fails to serve its answers, objections, or written response. A court may dismiss an action as a sanction for the party's failure to respond to served interrogatories. Fed. R. Civ. P. 37(d)(3), (b)(2)(A)(v). "[T]he sanction of dismissal is a most extreme remedy and one not to be imposed if lesser sanctions will do." Hashemi v. Campaigner Publ'ns, Inc., 737 F.2d 1538, 1538–39 (11th Cir. 1984) (per curiam) (affirming dismissal pursuant to Rule 37(d)); see also In re Plywood Antitrust Litig., 655 F.2d 627, 638 (5th Cir. 1981) (affirming Rule 37(d) monetary sanctions for failure to respond to interrogatories and noting that "under appropriate circumstances, evasive and incomplete answers [ ] are tantamount to no answers at all" (citations omitted)).[2] However, the court "retains the discretion to dismiss a

---

granting Plaintiff's extension Motion, (doc. 50), to the incorrect Tallahassee address, (doc. 51). After the mail was returned as undeliverable, the Court granted Plaintiff an additional ten-day extension of time to respond, which required he respond by March 3, 2018. (Doc. 52.)

[2] All decisions of the former Fifth Circuit issued before October 1, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

4

complaint where the party's conduct amounts to flagrant disregard and willful disobedience of the court's discovery orders." Id. at 1539 (citation omitted); see also Bonaventure v. Butler, 593 F.2d 625, 626 (5th Cir. 1979) (the plaintiff's repeated failure to appear for deposition warranted dismissal of his suit with prejudice). In determining whether lesser sanctions will suffice, the presence or absence of willfulness is a relevant consideration. 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2291 (2d ed. 1995).

Under Federal Rule of Civil Procedure 41(b), a "district court is authorized, on defendant's motion, to dismiss an action for failure to prosecute or to obey a court order or federal rule," but a dismissal with prejudice is "a sanction of last resort." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). In dismissing a case under Rule 41(b), the Court considers whether (1) the party has exhibited a clear record of delay or (2) has been willfully contempt, and whether lesser sanctions would not suffice. Id. (citation omitted). Dismissal pursuant to Rule 41(b) "upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

Moreover, where a litigant has failed to comply with discovery rules and related court orders, dismissal under Rules 37(d) and 41(b) is coextensive. See Kelly v. Old Dominion Freight Line, Inc., 376 F. App'x 909, 913–15 (11th Cir. 2010) (per curiam) (upholding magistrate judge's dismissal under either Rule 37(d) or 41(b) where the party failed to appear at his noticed deposition and failed to timely respond to other discovery requests after the court previously denied the defendant's first sanctions motion and warned the party that dismissal would be warranted for subsequent discovery violations); Reed v. Fulton Cty. Gov't, 170 F. App'x 674, 675–676 (11th Cir. 2006) (affirming dismissal under Rules 37(d) and 41(b) where the *pro se* party failed to appear at his deposition and disregarded the court's order compelling him to do so).

In this case, Plaintiff's willful disobedience of the Federal Rules of Civil Procedure regarding discovery and this Court's discovery directives is abundantly clear. As Defendants point out in their Motion to Dismiss, Plaintiff has failed to provide Defendants "with basic discovery of immediate relevance to his claims." (Doc. 47-1, p. 3.) Moreover, Plaintiff has failed to communicate with Defendants regarding their attempted deposition and interrogatory and has shirked his obligation to conduct discovery in good faith. Perhaps even more egregious, Plaintiff neither responded to Defendants' interrogatory containing only a single question nor their Motion to Dismiss, yet still moved for an extension of time. This conduct, in conjunction with Plaintiff's continuing failure to respond, exhibits a clear record of delay.

Furthermore, Plaintiff ignored the Court's instructions on how to conduct discovery, (doc. 9, pp. 12–13), its ample warnings of dismissal for his failure to participate in discovery, (id. at p. 13), and its Order for him to respond to Defendant's discovery sanctions Motion, (doc. 48). Plaintiff's disregard of Defendant's interrogatory and absent behavior during discovery have wasted precious judicial resources and shown willful contempt. Given Plaintiff's total failure to engage in discovery and failure to comply with this Court's directives regarding the same, a lesser sanction than dismissal will not do.

Accordingly, the Court should **GRANT in part** Defendants' unopposed Motion to Dismiss, (doc. 47), and **DISMISS without prejudice** Plaintiff's case.

## II. Dismissal for Failure to Prosecute and Follow this Court's Orders

A district court may dismiss a plaintiff's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), and the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[3] Coleman v. St. Lucie Cty. Jail, 433 F. App'x

---

[3] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. Nonetheless, in the case at hand, the Court

716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court.") (emphasis omitted).  Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."  Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice."  Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366).  By contrast, dismissal *without* prejudice for failure to prosecute is not an adjudication on the merits, and therefore, courts are afforded greater discretion in dismissing claims in this manner.  Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

---

advised Plaintiff on multiple occasions that his failure to respond to the Motion to Dismiss would result in dismissal of this action.  (Docs. 9, 47.)

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

Despite the Court advising Plaintiff on multiple occasions of his obligation to respond to Defendants' Motion to Dismiss and the consequences for failing to respond, (doc. 9, pp. 13–14; doc. 48, p. 2), Plaintiff has not filed any opposition to Defendants' current Motion. Indeed, other than twice updating his address and requesting an extension of time to respond to Defendants' dismissal Motion, Plaintiff has not taken any other action in this case in well over thirteen months. Thus, the record is clear that Plaintiff has ignored his obligations to prosecute his case and to follow this Court's directives. Accordingly, Plaintiff's failure to follow this Court's Order and his failure to prosecute provide independent, additional grounds for the Court to **DISMISS** Plaintiff's case.

### III. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's failure to comply with discovery, failure to follow this Court's directives, and failure to prosecute, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** that the Court **GRANT in part** Defendants' Motion to Dismiss or, in the Alternative, Motion to Compel, (doc. 47), and **DISMISS without prejudice** Plaintiff's claims for his failure to comply with his discovery obligations, failure to follow the Court's directives, and failure to prosecute. I further **RECOMMEND** that the Court **DIRECT** the Clerk of Court to enter an appropriate judgment of dismissal and to **CLOSE** this case and **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court is to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 20th day of March, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA